UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILFORD A. BALDWIN, JR.,

    Plaintiff,

v.

JANET NAPOLITANO, Secretary of the
Department of Homeland Security,

    Defendant.

_____/

Case No. 10-cv-11096

Honorable John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss, filed April 30, 2010. Plaintiff submitted a response brief on May 26, 2010. Defendant filed a reply brief in support of her motion to dismiss on June 7, 2010. A hearing was not held pursuant to Local Rule 7.1(f)(2). For the reasons discussed herein, Defendant's motion is granted.

**BACKGROUND FACTS**

*Pro se* plaintiff Milford A. Baldwin, Jr., alleges that he was discriminated against in his termination by his former employer, the Transportation Security Administration ("TSA"), based on his age, race, and physical disability. Plaintiff also claims he suffered reprisal for contacting an Equal Employment Opportunity ("EEO") counselor.

Before termination, Plaintiff worked for TSA as a security screener at the Detroit Metropolitan Wayne County Airport. Plaintiff acknowledges that security screeners must pass an annual certification test on identifying security threats and that failing to pass this test three times

1

in a year is grounds for termination. Plaintiff also admits he failed the test three times in 2008, but he alleges that his termination was improper because other security screeners who failed to pass the test were not terminated.

On October 2, 2008, TSA informed Plaintiff in writing of his proposed removal due to his failure to pass the certification test. Following this notice, Plaintiff spoke on the phone with an EEO counselor, John Hanberry, at TSA's Office of Civil Rights and Civil Liberties. During this conversation and in a follow-up email on October 10, 2008, Hanberry advised Plaintiff that he must contact an EEO counselor within 45 days of his actual termination in order for his discrimination claim not to be time-barred.

TSA officially terminated Plaintiff in writing on November 11, 2008, citing Plaintiff's failure to pass the certification test three times in 2008. This memorandum clearly noted the official date of termination as November 11, 2008. It also notified Plaintiff of the opportunity to appeal to the Disciplinary Review Board, which ultimately upheld his termination in a decision on April 15, 2009.

After the Disciplinary Review Board decision, Plaintiff contacted an EEO counselor on April 30, 2009 to file a discrimination complaint, months after his November 11, 2008 termination. Plaintiff's complaint was dismissed on August 24, 2009, as untimely. Plaintiff then filed this complaint in state court on February 4, 2010; Defendant removed the case on March 18, 2010.

## LAW AND ANALYSIS

Plaintiff sets forth discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq*. ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. §§

12101 *et seq.* ("ADA"); and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*. Plaintiff also sets forth a wrongful termination claim in violation of the Civil Service Reform Act, 5 U.S.C. §§ 1101 *et seq.* ("CSRA").

Defendant seeks dismissal of all of Plaintiff's discrimination claims for failure to exhaust administrative remedies, or alternatively, dismissal of the ADA and Rehabilitation Act discrimination claims for lack of subject matter jurisdiction. Defendant also seeks dismissal of Plaintiff's wrongful termination claim under CSRA for lack of subject matter jurisdiction.

Discrimination Claims

Defendant contends that Plaintiff's Title VII, ADEA, and Rehabilitation Act claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff did not exhaust administrative remedies when he failed to file a discrimination claim with an EEO counselor within 45 days of his termination. Motions to dismiss for failure to exhaust administrative remedies are properly treated as 12(b)(6) motions. Truitt v. County of Wayne, 148 F.3d 644, 647 and n.4 (6th. Cir. 1998). The court is permitted to consider materials beyond the complaint on a 12(b)(6) motion challenging a limitation period, if such materials are appropriate for taking judicial notice. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted).

Federal employees must pursue all administrative remedies before turning to the courts. Brown v. General Services Administration, 425 U.S. 820, 832-33 (1976); see Steiner v. Henderson, 354 F.3d 432, 434-35 (6th. Cir. 2003) ("Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations." (citations omitted)). The administrative remedy applicable to Plaintiff is set forth in 29 C.F.R. § 1614.105(1)(1), which requires an employee to

contact an EEO counselor within 45 days of the effective date of a personnel action in order to file a discrimination claim. See Equal Emp't Opportunity Comm'n v. United Parcel Serv., Inc., 249 F.3d 557, 561 (6th. Cir. 2001) ("[T]he limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee."). It is clear that the final personnel action at issue was Plaintiff's termination on November 11, 2008, communicated to Plaintiff in writing. Plaintiff admittedly did not contact an EEO counselor within 45 days from this date. Although Plaintiff contends that contact with an EEO counselor 45 days before his termination satisfies the regulation, the plain language of the regulation does not support this contention. Additionally, equitable considerations that might allow for tolling the limitations period, such as circumstances outside of Plaintiff's control that would have prevented him from complying, are not alleged by Plaintiff and are not present. Furthermore, Plaintiff had notice of the regulation because he was informed of it in his conversation with John Hanberry and during annual training on EEO procedures. Accordingly, dismissal of Plaintiff's Title VII, ADEA, and Rehabilitation Act[1] claims are granted.

In addition, Defendant contends Plaintiff's claim under the ADA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, because the ADA does not apply to the United States as an employer. Indeed, the language of the ADA specifically precludes suits against the government as an employer. 42 U.S.C. § 12111(5)(B)(i) ("[t]he term employer does not include – (i) the United States. . ."). Therefore, the court does not have subject matter jurisdiction over Plaintiff's ADA claim and the court will dismiss it.

---

[1] Moreover, TSA security screeners are not covered by the Rehabilitation Act; accordingly, Plaintiff cannot state a claim under the statute. See Castro v. Secretary of Homeland Security, 472 F.3d 1334, 1338 (11th. Cir. 2006) ("[I]n the ATSA, Congress instructed TSA to develop hiring standards for security screeners, without regard to restraints the Rehabilitation Act may have imposed."); Tucker v. Ridge, 322 F.Supp.2d 738 (E.D. Tex. 2004).

Wrongful Termination Claim

Defendant argues that an administrative remedy under CSRA is not available to security screeners. This contention is supported by the language of ATSA, which states that the Under Secretary of Transportation for Security may make all employment decisions for TSA screening employees "notwithstanding any other provision of law." ATSA, § 111(d), Pub. L. No. 107-71, 115 Stat. 597, 620 (2001) (codified as amended at 49 U.S.C. § 44935 note); see Conyers v. Merit Systems Protection Board, 388 F.3d 1380 (Fed. Cir. 2004) (holding that ATSA gives the Under Secretary of Transportation for Security more flexibility over screener positions than other TSA positions). Congress' specific intent to create a different personnel system at TSA than other federal government agencies precludes a remedy for TSA security screeners under the CSRA. See Conyers, 388 F.3d at 1382 ("The language '[n]otwithstanding any other provision of law' signals that this screener-specific provision is to override more general conflicting statutory provisions to the extent that they would apply to screeners."); American Fed'n of Gov't Emps. v. Hawley, 481 F.Supp.2d 72, 83 (D.D.C. 2006) ("The 'plain meaning' of ATSA Sections 111(d) and 101 shows that Congress intended to invest the TSA Under Secretary with authority to exempt security screeners from the employee protections of otherwise applicable federal personnel laws."). Thus, the court does not have subject matter jurisdiction to hear Plaintiff's claim under CSRA. Accordingly, the court will dismiss Plaintiff's wrongful termination claim.

## **ORDER**

IT IS HEREBY ORDERED that Defendant's April 30, 2010 motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

Date: July 9, 2010

s/John Corbett O'Meara  
John Corbett O'Meara  
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record electronically and/or by first class mail

s/Felicia Moses for William Barkholz

Case Manager